*654 MEMORANDUM **
Kent Buckley appeals the district court’s judgment that he was not discriminated against because of his race, color or gender under Title VII of the Civil Rights Act of 1964 when he was not selected for a promotion within the United States Postal Service. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the judgment.
Buckley argues that the district erred by failing to perform a mixed-motive analysis under 42 U.S.C. § 2000e-5(g)(2)(B). That is, Buckley asserts that the court failed to analyze whether the Postal Service would have made the same decision not to hire him even if his race, color or gender had played no role in the employment decision. The court found that Buckley established a prima facie case of unlawful discrimination. However, the court specifically found that “neither race, color or gender was a motivating factor in Defendant’s decision to award the position to Ms. Whitehead.” Therefore, the court was not required to consider whether the Postal Service would have made the same decision absent discrimination. See Costa v. Desert Place, Inc., 299 F.3d 838, 854 (9th Cir.2002) aff'd, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003) (rejecting the argument that “any plaintiff who is able to establish a prima facie showing in a pretext case would qualify for a mixed-motive instruction”).
Buckley also argues that the district court clearly erred by finding that the Postal Service did not discriminate against him. This case was decided after a bench trial and, therefore, the district court’s finding with respect to “discriminatory intent is a question of fact and reviewed under the clearly erroneous standard.” Jauregui v. City of Glendale, 852 F.2d 1128, 1131 (9th Cir.1988). Buckley asserts that the circumstantial evidence and the flaws in the interview questions warrant a finding of discriminatory intent. Even if the panel, sitting as a trier of fact, might have viewed the evidence differently than did the district court, a review of the entire record supports the district court’s finding that the Postal Service did not illegally discriminate against Buckley. Id.
Additionally, Buckley argues that the district court erred by identifying the interview questions propounded by Darby Alden as a “professionally developed” scored test under 42 U.S.C. § 2000e-2(h) and by making comments that Buckley’s courtroom demeanor unintentionally reinforced Alden’s testimony that Buckley failed to project the intangible attributes of a supervisor. Even if the district court erred in these two ways, such errors would not upset the overall finding that Buckley was not a victim of illegal discrimination.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.